Judge Underwood
delivored the opinion of the court.
The heirs of Dougherty as lessors of the plaintiff, recovered a judgment in an action of-ejectment against Thomas Thompson, John Breed-1 love, Solomon Hays and Samuel R. Combs. Thompson injoined the judgment. The injunction was made perpetual as to 9 acres, 1 rod and 24 poles of the land recovered, and dissolved as to the residue. Thompson died, leaving a son bearing his own na.me, his heir at law. A. W. Turner was appointed administrator of the goods and chattels of the defedant. In this state of things, a scire facias was sued out in the name of John Doe, on the demise, of Dougherty’s heirs against the administrator and heir of Thomas Thompson, dec’d. Breedlove,Hays and Combs, jointly requir-' *565 ing them to appear and shew cause why the writ of habere facias should not be awarded. Turner was summoned, and the sheriff returned “not found” as to the other defendants. Thompson’s heir at law being an infant, a guardian ad litem was appointed to defend for him. The administrator and heir by his guardian, filed a joint plea of nul tiel record, on which issue was taken. Two nehils having been returned as to the other defendants, the court gave judgment, awarding a writ of possession, to reverse which this writ of error is prosecuted with supersedeas.
Scire facias, !° revive a io'^a^ew action; that def’t. may quPnt to the" judgment, in ba£ ther?of; li^ua jucl£" cialwrit,so w'ith'theorig-inal record, *liat itmay by ”^ende
It is assigned for error, 1st. That the scire facias is defective, in not shewing what land the judgment in ejectment was for, and in not shewing what John Doe’s term in the land was.
2d. Thompson’s administrator was improperly made a defendant.
3d. The sheriff’s return did not authorize a judgment against Breedlove, Hays and Combs.
4th. The original judgment being against several; no scire facias was necessary.
And, Sth. That the court improperly rendered judgment for the plaintiff, on the plea of nul tiel record.
1st. We areof opinion that the scire facias is substantially good. It recites the names ofthe parties to the suit, the court and day of the term on which the judgment was rendered, and gives an extract from the judgment, from which it appears that the plaintiff recovered “his term yet to come,” in the premises mentioned in the declaration. A reference is then made to the record of the proceedings in the suit, in which the judgment was rendered, for greater certainty. The description thus given, and the reference thus made, points with entire certainty to the judgment sought to be revived, and thus the scire facias was connected with the original suit, so far as to identi-fythe land, and the duration of the plaintiff’s term, Id cerium est quod cerium reddi potest, a scire facias to revive a judgment, although it may be regarded as a new action, to which the defendants may plead any matter subsequent to the judgment in bar of execution, is nevertheless a judicial writ, intimately con- *566 nccled with the original record, so much so, that it may be amended by it. Patrick vs. Woods, III. Bibb, 232. If judgment for execution is awarded upon the trial of the scire facias, the execution goes on the original judgment, and thus, in this case, the award of the habere facias on the original judgment, which embraced the land and term set out in the declasation, would be sufficiently certain. If the term had expired, the defendants might have shewn it in their de-fence, and if disregarded by exception, they might have exhibited the fact to this court. They have not done so, and from their failure, we presume the fact was against them.
To scire facias sued out. vs surviving defendant, and heirs of dec’ll dof’t to re-vivo judgment in ejedment, for costs, administrator of deceased defendant, is in-disppnsible party. But, to scire facias, to re-viv'-judgment in ejectment, only so far as to obtain luc-iere facias, adm'r of deceased dePt is not necessary party; yet if adm’r be in ., possession of the land, and refuse to surrender, he may as ierra-tenant, be be made party to scire fa-cias-, and styling him adm’r will not vitiate the writ.
If no execution was ever issued on the judgment, and a year & a day have elapsed, since dissolution of the injunction to the judgment, scire facias may be sued out to revive the judgment.
2d. If the scire facias in the present case had been sued out, for the purpose of reviving a judgment against Thompson’s representatives, and the defend*ants, Breedlove, &r. for costs, then the administrator of Thompson would have been an indispensrble party. Mitchell’s heirs vs Smith’s heirs, I. Litt. Rep. 243; bul as it does hot appear from the scire facias, that the plaintiff was proceeding for any thing except a writof habere facias: it is admitted that there was no necessity to make the administrator of Thompson a defendant, merely because he was administrator. The scire facias avers that Turner, the administrator, and Thompson’s heir,-were in possession of the land, and refused to surrender, &c. As terre-tenant therefore, it was not improper to make Turnera defendant. Styling him administrator, cannot vitiate.
3d. According to the returns of the officer on the original and alias writ, the defendants, Breedlove, &e. were not found. The provisions of the act of 1801,1. Dig. 257, were complied with. There is nothing in the third err^r assigned.
4th More than a yea and day had elapsed after the rendition of the decree in the chancery suit in behalf of Thompson, before'.!-e scire facias was sued out. If. does not appear that any process of execution was ever issued on the original judgment. A scire facias was, therefore, properly p osecuted. Lowry, &c. vs. Jenkins, III. Bibb, 314; and that it was properly issued against the heir of Thompson, and the surviving defendants jointly, and terre-tenant Turner, is proved by the cases of Gray’s adm’r. vs. M’Dowell, V. Mop. *567 501: Holder’s heirs vs. The commonwealth, III. Mar. 410.
Turner, for plaintiff; Owsley and Caperton, for defendants.
. 5th. There is nothing in the record, by bill of exception, upon which the fifth error assigned canope-rate.
The judgment of the circuit court is affirmed with costs.